Hubert C. KELLY, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

No. E–C–70–62.

United States District Court
N. D. Mississippi, E. D.
Sept. 12, 1963.

firming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." It also provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

The plaintiff filed an application to establish a period of disability on April 19, 1960 which was denied initially and on reconsideration by the Bureau of Old-Age and Survivors Insurance after the Mississippi Division of Vocational Rehabilitation had found that plaintiff was not under a disability. He then requested a hearing and the hearing examiner, before whom the plaintiff and his counsel appeared, considered the case de novo on the basis of the testimony and the documents admitted in evidence, and on June 30, 1962, found that plaintiff was under no disability. The hearing examiner's decision became the final decision of the Secretary when the Appeals Council denied the plaintiff a request for review on September 11, 1962.

Defendant has filed and there is for consideration a motion for summary judgment on the ground that the findings of the Secretary are supported by substantial evidence and therefore are conclusive. 42 U.S.C.A. § 405(g). This motion, as well as the merits of the controversy are before the court on briefs of the parties.

Guy N. Rogers, Jackson, Miss., for plaintiff.

H. M. Ray, U. S. Atty., Oxford, Miss., for defendant.

CLAYTON, District Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare. This section provides, *inter alia*, that "as part of its answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based," and that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment af-

The technically narrow and only basic question before the court is whether the Secretary's findings are supported by substantial evidence. In so far as relevant, both Section 216(i) and Section 223 of the Act, 42 U.S.C.A. §§ 416(i) and 423, define the term "disability" as inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long continued and indefinite duration. Hence, to state the sole question differently: does the evidence in the record substantially support the Secretary's finding that the plaintiff is able to engage in substantial gainful

activity? This court finds that the evidence does not substantially support such a finding for reasons which will be pointed out.

Plaintiff was born May 24, 1919 and was 42 years old at the time of the hearing. He was born in Mississippi. He is 6'1" in height and has weighed as much as 260 pounds but was somewhat lighter at the time of the hearing because of a diabetic diet. He is married, and his wife is employed at a frozen food plant although she is chronically ill. He has no children at home.

The plaintiff lives in a house trailer in Tupelo, Mississippi. He drove himself to the hearing. His wife owns the automobile and plaintiff has an operator's license. He drives only enough to get around a little bit. He does not drive far because his eyes begin to blur. He drives from the trailer park to town, a distance of approximately one-half mile, almost daily.

He completed the sixth grade in school and upon his discharge from the army he attended a trade school for veterans for two years taking woodworking, reading and spelling which was the equivalent of the seventh and eighth grades. He has had no vocational training since that time. He was in the infantry in World War II and was wounded in action. He has never done office or book work and does not have the skills therefor.

Plaintiff last worked in a tank arsenal in Detroit, Michigan, where he constructed tank models. He obtained this job, which was a Federal Civil Service job, upon completion of the aforementioned course at a veteran's trade school. He took no competitive examination but was classified as a Step 17 model maker and worked at the arsenal for six years and eleven months. Before going into the army he had some farming experience, but was unable to continue farming because of the aforementioned leg wound.

He has done very little work since November 29, 1957 when he worked on a school as a laborer. Since then he worked three days on the Natchez Trace and worked for bottling companies for a few days. He sought this work to make money and to see if he was able to work. He stopped working in Detroit because he was sick. He learned that he was a diabetic and felt that he had a recurrence of kidney stones.

He draws a veteran's pension based on a rated 20% of disability of his leg and a 10% disability because of kidney stones, both of which are service connected disabilities.

The plaintiff's chief complaint is his arthritis in his neck, head, back, both knees, ankle and arm. He is presently taking medication prescribed by a doctor for his arthritis. He stated that these tablets lull the pain but do not relieve it. He quoted the doctor as saying that the tablet was habit forming and that in about a year he would need something stronger. He feels that the arthritis limits his movements and he is constantly in pain. He also suffers from diabetes and kidney stones. He is on a diet for the diabetes but does not take any medication for it. He does not feel that his diabetes is under very good control. He does not lose consciousness but stated that he breaks out in a sweat. He has a fairly good appetite. In 1948 he was operated on for kidney stones at a veteran's hospital and has another kidney stone at the present time, but an operation to remove it is not advisable because of his diabetic condition. He is troubled with pain because of the kidney stone, which radiates down into the flank area. He uses the same tablet which he takes for relief of his arthritic pain for relief of his kidney stone pain. He also complained of a nerve condition and that the gunshot wound in his leg causes him some pain at the present time as it aches and hurts in the ankle, calf, knee and hip. The bone in his leg below his knee was shattered into four pieces and there is a six inch scar on the leg from the incision to remove the bullet and repair the bone. He has a noticeable limp as a result of this wound and feels that the

ankle is stiff. The knee is very painful. He also complained of his eyes blurring which he quoted the doctors as saying was caused by the diabetes. He does not wear glasses and they have not been recommended for him.

The plaintiff testified that he had trouble sleeping because of the pain of the arthritis; that he goes to bed at eight o'clock and arises at six a. m.; that he dresses himself and takes care of his personal needs but does no house work. After breakfast he usually goes back to bed because he does not feel like staying up. He cannot walk very far without exhaustion and feels bad all over. He does not eat any lunch and his wife prepares his supper. In the afternoon he frequently goes downtown and sits on a bench on the courthouse lawn. He sometimes bank fishes and after supper he watches television.

With the onset of plaintiff's ailments and when his resources were exhausted, his wife went to work. He does not know of any work that he considers himself presently able to perform.

His $55.00 a month veteran's disability compensation payment and his wife's earnings are the only income available to them.

He does not feel that he can do any work which would require him to stand or sit for an entire day because of spells with his back which require him to be bed-ridden for as much as a week at a time. It is also necessary for him to rest some each day, on the average of three hours in addition to his regular night's rest. This is necessary primarily because of his arthritic condition. Four medical reports in the record would justify finding plaintiff has: (1) diabetes mellitus (2) obesity (3) degeneralized joint disease (4) kidney stones (5) essential hypertension, moderate (6) pyuria, moderate (7) myopia, moderate, chronic (8) hypertrophic osteo-arthritis, spine, moderate, chronic (9) residuals of gun shot wound, left lower leg, World War II (10) diabetic neuritus, generalized, moderately severe, and (11) physical impairment caused particularly by his arthritis.

To justify his finding that plaintiff was not disabled within the meaning of the statutes with which we are concerned the Hearing Examiner listed a number of occupations which he felt plaintiff might successfully follow. However, there is nothing in the record to show that any of these occupations are in fact available to plaintiff in his community and the fact remains that if plaintiff were honest in applying for employment he would be required to tell the prospective employer: (1) that he would require at least three hours rest during the working day (2) that he could not accept any job that would require him to stand for any length of time (3) that he could not accept any employment which would require him to sit except for short periods of time (4) that he was subject to dizzy spells and could not drive a car for any length of time (5) that he would be limited in the type of work he was able to do because of his obese condition, and (6) that there would be times when he would be required to miss work for as long as a week's duration due to his arthritic condition, which he believes to be growing progressively worse. Of course, he would also have to report that he had little formal education and no special training except in model making and cabinet making. Considering these limiting factors it is obvious that there is little, if any, prospect that he might obtain employment from any one in any occupation.

As was said by Circuit Judge Rives, sitting as a District Judge, in Aaron v. Flemming (M.D.Ala.1958), 168 F.Supp. 291;

"The referee, no doubt, in defining 'disability,' placed upon the phrase 'any substantial gainful activity' as objective test, although he uses language to the contrary. But surely the test must be subjective—surely our ever enlarging bureaucracy has not yet reached the stage of 'expertise' that it can depersonalize a person's illnesses. Subjectiveness *must* be the test * * *."

Quoting Judge Rives in Aaron, further,

"It is further apparent that the referee gave too strict an application to 'disability.' Even though the Act is worded in strong language and the Congressional history indicates a strict policy of application, to conclude in this case that the plaintiff is not 'disabled' within the meaning of the Act would make 'disability' commensurate with 'helplessness', 'bed-ridden,' or 'at death's door.' No matter how infirm, or disabled, or sick a man is, if he still possesses some of his faculties and some degree of mobility he is not in the strictest sense unable to perform 'any substantial gainful activity.' I do not interpret the Act to apply only to the totally helpless and bedridden nor to those at death's door. If a wage earner has the inability to engage in 'any substantial gainful work' which is commensurate with his education, training, experience, and physical and mental capacities, then he should be given the benefit of the 'disability freeze.' In my opinion, findings of the defendant are not supported by substantial evidence."

In Flemming v. Booker (5 Cir., 1960) 283 F.2d 321, suit was for a period of disability under the Social Security Act as a result of high blood pressure, psychoneurosis, and chronic neuritis, the Court of Appeals for the Fifth Circuit cited with approval Aaron, supra, in affirming a District Court in its reversal of the Secretary's decision that the plaintiff was not disabled within the meaning of the law.

In Butler v. Flemming (5 Cir., 1961) 288 F.2d 591 in reversing the action of a District Court in affirming the Secretary's findings against disability the Court of Appeals of the Fifth Circuit said as follows:

"This medical history and diagnosis was uncontradicted as was the evidence concerning the Claimant's pain and his actual inability to carry on any work. The Referee apparently thought, however, that this had to be measured against a stringent congressional policy requiring exacting proof from all such claimants. When so done, he reasoned that since inability to work is largely a medical question the medical evidence, though portraying a man in awful shape, was inadequate. It was inadequate because it did not declare that the Claimant was unfit for every conceivable kind of job.

\* \* \* \* \* \*

"These medical-economic-physical facts, all of which are essentially undisputed, fit the legal standard which has been variously phrased. Judge Rives, sitting as a District Judge, stated it this way. 'I do not interpret the Act to apply only to the totally helpless and bedridden nor to those at death's door. If a wage earner has the inability to engage in 'any substantial gainful work' which is commensurate with his education, training experience, and physical and mental capacity, then he should be given the benefit of the 'disability freeze.' (Citing Aaron)

\* \* \* \* \* \*

"Perhaps it is true that history teaches that 'a man may have to endure discomfort or pain and not be totally disabled; much of the best work of life goes on under such disabilities \* \* \* but the purpose of much social security legislation is to ameliorate some of these rigors that life imposes. Congress has in effect stated that if a person is unable except under great pain to engage in any substantial gainful activity in which he might be employable, taking into consideration his age, training, work experience and physical and mental capacities, he shall be deemed to be disabled for the purposes of this Act.

\* \* \* \* \* \*

"Considering the background, experience, training, education, physical and mental capabilities of the claimant, the kinds and types of employment formerly followed and no longer open to him, the absence of any indication of any specific work less exacting within his residual competency and reasonably available as a prospective source of employment in the general area where he lives, this record satisfies that test. When the claimant could no longer shuffle dominoes, he was not required by the use of a catalogue of the nation's industrial occupations to go down the list and verbally negative his capacity for each of them or their availability to him as an actual opportunity for employment."

In Varnado v. Flemming, (5 Cir., 1961) 295 F.2d 693, the Court of Appeals for the Fifth Circuit speaking through Judge Cameron said:

"In denying to appellant the disability herein sought, the Secretary and the lower court failed, in our opinion, to give proper construction to the regulations and interpretation of the phrase 'substantial gainful activity.' 42 U.S.C.A. § 423(c) (2). In Flemming v. Booker, supra, despite the fact that claimant was working regularly, the court found him to be entitled to the disability benefits and concluded that the ability or necessity to do some work did not exclude him from the protection of the law. The court (283 F.2d 324) also pointed out that, even by the Department's own standards and rules, employment was not considered to be 'substantial gainful activity' unless the claimant earned more than $1,000 per year. Applying this rule to the instant case, there can be no doubt that this appellant must qualify for disability payments since his condition is far more disabling than was Booker's, and he has been unable to earn any money at all since 1956.

\* \* \* \* \* \*

"The lay testimony produced in the original transcript and on remand is similarly definite and conclusive and unequivocally supports plaintiff's position that he has not worked in any capacity since his injury in 1956, despite a previous record of long and continuous hard work for the same employer throughout his life." See also Kerner v. Flemming, (2 Cir., 1960) 283 F.2d 916.

In addition to the cases thus far cited, there are other cases from this circuit which sustain this court's view that the Secretary's findings are not supported by substantial evidence. Some of them are Ferran v. Flemming, (5 Cir., 1963) 293 F.2d 568; Hayes v. Celebrezze, (5 Cir., 1963) 311 F.2d 648 and Page v. Celebrezze, (5 Cir., 1963) 311 F.2d 757.

The last two of these cases are very significant, not only because they are among the latest cases to be decided by the Fifth Circuit on this point, but also because the factual situations are very similar to the case under consideration here. Both opinions deplore in specific language the niggardly attitude of the Secretary in attempting to administer the Act in a highly technical and legalistic manner. And when the standards which have been consistently followed in this circuit are applied to the record before the court it must be said that the findings of theoretical employment possibilities were more esoteric than real and that since the Secretary's findings are not supported by substantial evidence the plaintiff should be and is entitled to the benefits which he seeks under this humane legislation.

It therefore follows that defendant's motion for summary judgment will be overruled and that the decision of the defendant will be reversed and remanded with directions to find the plaintiff disabled within the meaning of the statute.

Order is being entered in accordance with this opinion.